## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| GLEN MYERS,<br><br>       Plaintiff,<br><br>  vs.<br><br>STEVE GRUBB, et al.,<br><br>       Defendants. | Cause No.  CV 12-00029-H-DLC-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I.  SYNOPSIS

Pending are Plaintiff Glen Myers's Motion for Leave to Proceed in Forma Pauperis C.D. 1 and proposed Complaint.  C.D. 2.  Mr. Myers alleges Defendants failed to protect him from an assault and rape which occurred at the Cascade County Detention Center on November 18, 2011.  The motion to proceed in forma pauperis will be granted.  After review mandated by 42 U.S.C. § 1915, Defendants Grubb, Bye, Trombly, and O'Fallon will be required to file a response to Mr. Myers's Complaint.

## II.  JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties.  This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.  Venue is proper in this judicial

district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 72.2(a)

and 28 U.S.C. § 636(b)(1).

## III.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Myers submitted a declaration and account statement sufficient to make

the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed

in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Myers is required to pay the

statutory filing fee of $350.00.  Mr. Myers submitted an account statement

showing average monthly deposits of $90.00 over the six months immediately

preceding the filing of this action (October 1, 2011 through April 4, 2012).

Therefore, an initial partial filing fee of $18.00 will be assessed by this Order.  See

28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the

prisoner's average monthly deposits).  By separate order, the Court will direct the

agency having custody of Mr. Myers to collect the initial partial filing fee from Mr.

Myers's account and forward it to the Clerk of Court.

Thereafter, Mr. Myers will be obligated to make monthly payments of 20%

of the preceding month's income credited to Mr. Myers's prison trust account.  The

percentage is set by statute and cannot be altered.  <u>See</u> 28 U.S.C. § 1915(b)(2).  By

separate order, the Court will direct the agency having custody of Mr. Myers to

forward payments from Mr. Myers's account to the Clerk of Court each time the

amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

## IV.  STATEMENT OF CASE

### A.    Parties

Mr. Myers is a state prisoner currently incarcerated at Dawson County

Correctional Center.  All events alleged in his Complaint occurred while he was

incarcerated at the Cascade County Detention Center in Great Falls, Montana.  Mr.

Myers is not represented by counsel.

The named Defendants are Steve Grubb, a staff sergeant at the Cascade

County Detention Center; Wayne Bye, Montana Department of Corrections

Monitor at the Cascade County Detention Center; Harlen Trombly, case manager

at the Cascade County Detention Center; Dan O'Fallon, acting Warden at Cascade

County Detention Center; Cascade County; Cascade County Commissioners

representing Cascade County; Montana Department of Corrections; Mike Ferriter,

Director of the Montana Department of Corrections; the Montana Attorney

General; and the State of Montana.  C.D. 2, p.4, C.D. 2-1, pp. 1-2.

**B.    Allegations**

Mr. Myers alleges Inmates Tom Jones and William Good Bird threatened to beat and rape him if he did not give them his medications.  Mr. Myers alleges he sent numerous kites, or written requests, to Defendants Grubb, Bye, O'Fallon, and Trombly begging for protection and to be moved away from Good Bird and Jones. Mr. Myers alleges he spoke directly with Defendants Grubb and Bye on November 14, 2011 and told them Inmate Tom Jones was threatening to beat him up, rape, and sexually assault him if he did not give Inmates Jones and Good Bird his medications.  Mr. Myers alleges Defendants Grubb and Bye laughed and ignored his pleas to be protected from Jones and Good Bird.  C.D. 2-2, pp. 1-2.

On November 18, 2011 at approximately 12:30 a.m., Inmates Jones and Good Bird allegedly entered Mr. Myers's cell and asked for Mr. Myers's medications.  Mr. Myers refused and Inmate Jones struck Mr. Myers in the face, ribs, and side.  Jones and Good Bird then left the cell.  Later that day, Mr. Myers contends Detention Center Staff ignored his pleas for protection and refused to let him see the nurse.  C.D. 2-2, p. 2.

On November 18, 2011, at approximately 2:00 p.m., Inmate Jones allegedly cornered Mr. Myers in his cell, punched him, physically overpowered him, forced him against the cell wall, ripped his pants down, and penetrated Mr. Myers' anus

with his fingers numerous times. Inmate Jones also rubbed his penis against Mr. Myers's bottom several times. Inmate Jones then threatened Mr. Myers to not tell anyone. C.D. 2-2, pp. 2-3.

On November 19, 2011 at the 6:00 a.m. medication pass, Mr. Myers told a nurse and a guard he needed to talk to them but he was ignored. At 1:00 p.m. Mr. Myers' written kite explaining what had happened was again ignored. At approximately 6:00 p.m. Mr. Myers alleges he told a nurse he needed help. He was taken from his cell at around 7:00 or 8:00 p.m., gave statements to staff, and was transported to the Great Falls Medical Center where a rape kit was done. C.D. 2-2, pp. 3-4.

Mr. Myers was transferred to Montana State Prison approximately two weeks later. Mr. Myers alleges Inmate Jones was found guilty of sexually assaulting and raping him. Mr. Myers alleges Inmate Jones had a history of sexually assaulting other young inmates prior to the November 18 assault. He contends the staff of the Montana Department of Corrections and the Cascade County representatives knew about Jones's history and still allowed Jones to be placed on the same cell block as Mr. Myers. C.D. 2-2, pp. 4-5.

Mr. Myers alleges the Cascade County Commissioners, the Montana Department of Corrections staff/Mike Ferriter, the State of Montana, and the

Attorney General for the State of Montana failed to properly train and supervise the personnel at the Cascade County Detention Center regarding the Prison Rape Elimination Act (PREA) and failed to establish policies regarding PREA. He alleges this constituted deliberate indifference to his safety. C.D. 2-2, p. 5.

## V. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

### A. Standard

Mr. Myers is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

District courts have discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## B.    Analysis

### 1.  Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan, 511 U.S. 825, 833 (1994); Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must

establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. <u>Farmer</u>, 511 U.S. at 834. Where an inmate's claim is based on an alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834; <u>Helling v. McKinney</u>, 509 U.S. 25, 33-34 (1993).

Mr. Myers alleges he was threatened by two inmates but when he made verbal and written requests to be protected and moved away from these inmates, his was ignored. Soon thereafter he was allegedly attacked and raped. He also contends his attacker had a history of assaults. These allegations state a claim under 42 U.S.C. § 1983 and will be served on some Defendants.

### 2. Defendants

### a. Individual Liability–Defendants Grubb, Bye, Trombly, and O'Fallon

Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691-94 (1978). Mr. Myers alleges he sent numerous kites (written requests) to Defendants Grubb, Bye, O'Fallon, and Trombly begging for protection and to be moved away from Inmates Bird and Jones. He also alleges he

spoke directly with Defendants Grubb and Bye on November 14, 2011 and told

them of Inmate Tom Jones's threats. He contends Defendants Grubb and Bye

laughed and ignored his pleas to be protected. As such, Mr. Myers has made

sufficient individual allegations against Defendants Grubb, Bye, O'Fallon, and

Trombly. These Defendants will be served in their individual capacity.

### b. Individual Liability–Defendants Ferriter and Cascade County Commissioners

Mr. Myers alleges Director Mike Ferriter and the Cascade County

Commissioners failed to properly train and supervise the personnel at the Cascade

County Detention Center in regard to PREA and failed to establish policies in

accordance with PREA. These allegations are liberally construed as supervisory

liability claims.

> A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation . . . The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

Starr v. Baca, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (citations, and internal alterations, punctuation and quotation marks omitted). Allegations against supervisors which resemble "bald" and "conclusory" allegations like those set forth in Iqbal should be dismissed. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012). Thus, allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge of the retaliation." Hydrick, 669 F.3d at 942.

To state a claim for failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. Edgerly v. City and County of San Francisco, 599 F.3d 946, 962 (9th Cir. 2010) (citing Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (to establish supervisory liability for failure to train, a plaintiff must show that the failure "amounted to deliberate indifference")). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "'deliberate' or 'conscious' choice" on the part of the defendant. Cannell, 143 F.3d at 1213; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir.2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to

result in violations of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.").

Mr. Myers' allegations against Defendants Ferriter and the Cascade County Commissioners resemble those in the <u>Iqbal</u> and <u>Hydrick</u> cases and as such should be dismissed without prejudice. Mr. Myers's claims are "devoid of specifics" to suggest that Defendants Ferriter and/or the Cascade County Commissioners were deliberately indifferent in an alleged failure to train or institute PREA policies. As stated in <u>Hydrick</u>,

> The absence of specifics is significant because, to establish individual liability under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948. Even under a "deliberate indifference" theory of individual liability, the Plaintiffs must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. <u>Starr</u>, 652 F.3d at 1206–07.

<u>Hydrick</u>, 669 F.3d at 942. Mr. Myers has not alleged sufficient facts to plausibly establish that Defendants Ferriter or the Cascade County Commissioners had knowledge of and acquiesced in the alleged unconstitutional conduct of their subordinates.

The Court also takes judicial notice of the State of Montana Department of Corrections Policy Directive 1.3.14 which applies to all Department-owned and

contracted facilities.[1]  Presumably this includes the Cascade County Detention Center.  The effective date of this policy was September 12, 2007 and it was revised on May 18, 2011, prior to the incidents alleged by Mr. Myers.  This policy directive sets forth directives and requirements pertaining to the Prison Rape Elimination Act of 2003.  Thus, Mr. Myers's allegation that Director Ferriter failed to establish a PREA policy is implausible and without merit.

Mr. Myers's claims of failure to train against Defendants Cascade County Commissioners and Ferriter and his failure to institute a PREA policy against Cascade County will be recommended for dismissal with leave to amend.  Mr. Myers may amend these claims, if he can, anytime up until the deadline for amendments to pleadings which will be set in a subsequent scheduling order.  Mr. Myers's policy claim against Defendant Ferriter will be recommended for dismissal with prejudice.

### c.  Individual Liability--Attorney General

The Attorney General, in his individual capacity, will also be recommended

---

[1] www.cor.mt.gov/content/Resources/Policy/Chapter1/1-3-14.pdf.  The Court takes judicial notice of information publically available on the Montana Department of Corrections website.  See, e.g., United States v. Thornton, 511 F.3d 1221, 1229 n. 5 (9th Cir. 2008) (taking judicial notice of Bureau of Prisons policy statement available on its website).

for dismissal with prejudice.  Mr. Myers alleges the Attorney General failed to properly train and supervise the personnel at the Cascade County Detention Center and failed to establish sufficient policies.  But the Attorney General's responsibilities do not include training, supervision, or establishing customs, policies, or practices for county detention facilities.  MCA 2-15-501 (listing the general duties of the attorney general).

### d.  Municipal Liability–Cascade County

Mr. Myers sued all defendants in their individual and official capacities.  To the extent employees or representatives of the Cascade County Detention Center were sued in their official capacities, it is a claim against the entity which they represent, in this case Cascade County.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (noting in the context of a § 1983 action that "[o]fficial-capacity suits  . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent' ") (citation omitted).

To establish liability against a county, a plaintiff must show that his constitutional rights were violated pursuant to a policy, practice, or custom of the County.  Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978); City of Canton v. Harris, 489 U.S. 378, 388 (1989).  In Monell, 436 U.S. 658, the United States Supreme Court, announced the following standard governing the liability of

a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury
> inflicted solely by its employees or agents. Instead, it is when
> execution of a government's policy or custom, whether made by its
> lawmakers or by those whose edicts or acts may fairly be said to
> represent official policy, inflicts the injury that the government as an
> entity is responsible under § 1983.

Monell, 436 U.S. at 694.

Therefore, liability under Section 1983 may not be predicated upon a respondeat superior theory of liability.  Monell, 436 U.S. at 694.  That is, Cascade County cannot be held liable just because personnel at the Cascade County Detention Center may have violated an individual's constitutional right.  They can only be held liable for an unconstitutional custom, policy, or practice.

The Starr standard applies to Monell claims.  AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).  Thus, allegations against a county must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively.  In addition, such factual allegations must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.

Mr. Myers's allegations that Cascade County failed to institute a PREA policy and had a policy, custom, or practice of failing to train and supervise its

personnel regarding PREA are conclusory and are insufficient to establish liability

for Cascade County as alleged.  As noted above, there presumably is a PREA

policy in place at Cascade County Detention Center.  The fact that Defendants

Grubb, Bye, O'Fallon, and Trombly allegedly failed to comply with the policy

alone is insufficient to establish a custom or practice of failure to train and

supervise personnel at Cascade County Detention Center.  Mr. Myers may amend

this claim to allege specific facts regarding Cascade County Detention Center's

custom or practice of failure to train under the PREA policy.  He may amend until

the deadline for amendments to pleadings which will be set in a subsequent

scheduling order.  This claim should be dismissed without prejudice with leave to

amend.

### e.  Eleventh Amendment

The Montana Department of Corrections, as a state agency, the State of

Montana, and Director Ferriter in his official capacity are protected from monetary

damages by immunity under the Eleventh Amendment to the United States

Constitution.  The Eleventh Amendment states that "[t]he Judicial power of the

United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI;

see also Edelman v. Jordan, 415 U.S. 651, 664(1974).  The United States Supreme

Court has interpreted this amendment to mean that absent waiver, neither a State

nor an agency of the State acting under its control may "be subject to suit in federal

court."  Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506

U.S. 139, 144 (1993).  The State of Montana has waived immunity only for tort

claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Hence any claim

against the State of Montana or any agency of the State (such as the Montana

Department of Corrections) for monetary damages cannot be brought in federal

court.

One exception to the general prohibition of the Eleventh Amendment is that

it does not bar suits for prospective declaratory or injunctive relief against state

officials in their official capacity.  See Idaho v. Couer d'Alene Tribe, 521 U.S. 261

(1997); Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 102-106 (1984);

Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997);

Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997) cert. denied, 118 S.Ct.

2340 (1998).  Mr. Myers is now incarcerated at the Dawson County Correctional

Center C.D. 4 and Inmates Jones and Good Bird are incarcerated at the Montana

State Prison.[2]  Thus, any claims for injunctive relief are moot.  Dilley v. Gunn, 64

---

[2]See https://app.mt.gov/conweb.  Accessed June 12, 2012.

F.3d 1365, 1368 (9th Cir. 1995).

As such, the State of Montana, the Montana Department of Corrections, Director Ferriter in his official capacity, and the Attorney General in his official capacity will be recommended for dismissal.

## VI. CONCLUSION

The Court has considered whether Mr. Myer's Complaint is frivolous, malicious, fail to state a claim, or seeks solely monetary relief from a defendant who is immune.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Based on this analysis, Mr. Myers's claims against the Attorney General, the Montana Department of Corrections, the State of Montana, Director Ferriter, Cascade County, and the Cascade County Commissioners will be recommended for dismissal.

Dismissal of the Mr. Myers's claims against Defendants Grubb, Bye, Harlen Trombly, and O'Fallon is not appropriate at this time.  No conclusions about the truth of Mr. Myers's allegations or about the strength of his claims or of the evidence he might offer to corroborate them have been made.  Mr. Myers has said enough to require a response from these  Defendants.


It is **ORDERED**:

1.  Mr. Myers's Motion to Proceed in forma pauperis C.D. 1 is granted.  The

Clerk shall file the Complaint without prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on April 6, 2012.

3.  Pursuant to Fed.R.Civ.P. 4(d), Defendants Grubb, Bye, Trombly, and O'Fallon are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).[3]

4.  The Clerk of Court shall forward the documents listed below to:

Officers Grubb, Bye, Trombly, and O'Fallon
Cascade County Detention Center
3800 Ulm North Frontage Road
Great Falls, MT  59404

* Plaintiff's Complaint C.D. 2;

* this Order;

---

[3]As the Montana Attorney General, the Montana Department of Corrections, the State of Montana, Director Ferriter, Cascade County, and the Cascade County Commissioners  will be recommended for dismissal they do not need to respond at this time.

      \*      a Notice of Lawsuit & Request to Waive Service of Summons; and

      \*      a Waiver of Service of Summons

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. <u>See</u> D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and

the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

7.  Mr. Myers <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

8.  At all times during the pendency of this action, Mr. Myers SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Myers has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1.  That all claims against the Montana Attorney General, the Montana Department of Corrections, and the State of Montana be dismissed with prejudice.

2.   Mr. Myers' policy claim against Defendant Ferriter should be dismissed with prejudice.

3.  Mr. Myers' claims of failure to train against Defendants Cascade County

Commissioners, Ferriter, and Cascade County and his failure to institute a PREA policy against Cascade County be dismissed with leave to amend.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Myers may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Myers files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Myers from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of June, 2012.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:
Officers Grubb, Bye, Harlen,
Trombly, and O'Fallon
Cascade County Detention Center
3800 Ulm North Frontage Road
Great Falls, MT 59404

A lawsuit has been commenced by a pro se plaintiff against Steve Grubb, Wayne Bye, Harlen Trombly, and Dan O'Fallon. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-12-29-H-DLC-RKS. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request to waive service of summons in the following action:  <u>Myers v. Grubb</u>, Civil Action No. CV-12-29-H-DLC-RKS filed in the United States District Court for the District of Montana.  Defendants have received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____

DATE

_____

SIGNATURE

_____

PRINTED/TYPED NAME

_____

_____

ADDRESS