IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION



| | |
|---|---|
| GLEN MYERS, | CV 12-00029-H-DLC |
| Plaintiff, | ORDER |
| vs. | |
| STEVE GRUBB, et al., | |
| Defendants. | |

Plaintiff Glen Myers filed a Motion to Proceed in Forma Pauperis (doc. 1) and a proposed Complaint on April 6, 2012 (doc. 2). Myers alleged Defendants failed to protect him from an assault and rape that occurred at the Cascade County Detention Center on November 18, 2011. (Doc. 2 at 5.) United States Magistrate Judge Keith Strong granted Myers's Motion to Proceed in Forma Pauperis (doc. 5 at 17) and reviewed the complaint under 42 U.S.C. § 1915, entering Findings and Recommendations on June 22, 2012 (doc. 5 at 20-21).

Judge Strong determined that Myers stated a non-frivolous claim alleging that individually named Defendants, Steve Grubb, a staff sergeant at the Cascade County Detention Center; Wayne Bye, Montana Department of Corrections

Monitor at the Cascade County Detention Center; Harlen Trombly, case manager at the Cascade County Detention Center; and Dan O'Fallon, acting Warden at Cascade County Detention Center, violated his constitutional rights under § 1983. However, he recommended that all of Myers's claims against the Attorney General, the Montana Department of Corrections, and the State of Montana be dismissed with prejudice, that Myers's policy claim against Director Ferriter be dismissed with prejudice, and that Myers's failure-to-train claims against Cascade County, Director Ferriter, and the Cascade County Commissioners be dismissed with leave to amend. (Doc. 5 at 20-21.)

Myers timely objected and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

This Court is mindful of the requirement that "a document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "*pro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Where the Court does not have jurisdiction to hear a claim, the claim must be dismissed. Similarly,

2

where a plaintiff has not alleged the facts necessary to establish a claim against a specific defendant, that claim must be dismissed.

Myers objects to the recommended dismissal of his claims against the Montana Department of Corrections and Cascade County. (Doc. 7 at 2.) For the reasons stated below, this Court adopts Judge Strong's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

A. Montana Department of Corrections

Judge Strong recommended Myers's claims against the Department of Corrections, a state agency, be dismissed because the State of Montana has not waived its Eleventh Amendment immunity to suit in federal court and injunctive relief is not available. Myers asks the Court to "remand" his state claims to state court. But there is no procedure by which the Court can do this. Myers is free to file his own claims in state court, but this Court cannot do so for him.

B. Cascade County

Myers's second argument is that his claim against Cascade County should not be dismissed because the County deliberately followed a course of action or inaction that led to his alleged assault and rape. (Doc. 7 at 3.) Complaints must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216

(9th Cir. 2011); *AE ex rel. Hernandez v. Co. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). To establish liability against a county, it is not enough to demonstrate an injury inflicted by the County's employees or agents. A government entity is only responsible under § 1983 when its policy or custom inflicts the injury. *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 694 (1978). Without more, allegations concerning the individual acts of individual employees will not demonstrate a custom or policy. Claims alleging that a local government's failure to provide training to municipal employees resulted in a constitutional deprivation can only result in liability when the government's failure to train reflects deliberate indifference to the constitutional rights of inhabitants. *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

Myers alleges that Grubb, Bye, Trombly, and O'Fallon ignored his repeated requests to be moved away from the inmates who were threatening him and his requests for help after the alleged assault. (Doc. 2 at 5.) If the allegations are true, these individuals may have violated Myers's constitutional rights under § 1983 and may have violated Montana Code Annotated § 7-32-2222(3) and Department of Corrections Policy Directive 1.3.14. However, Myers's allegations against these individuals are insufficient to establish liability as to Cascade County. There is currently nothing in the record to suggest an unconstitutional custom, policy, or practice, or to suggest the individuals were inadequately trained due to the

4

County's deliberate indifference to prisoners' constitutional rights. Since the claim is dismissed with leave to amend, Myers may amend his complaint to provide additional facts to establish a claim against the County, so long as he amends it before the amendment deadline, to be set in a subsequent scheduling order.

Conclusion

Both of Myers's objections are misplaced; he still has the ability to pursue his claims against the Department of Corrections and Cascade County, albeit in another court or with an amended claim. My review of Judge Strong's analysis of Myers's other claims against Defendants revealed no clear error.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 5) are adopted in full.

2. All claims against the Montana Attorney General, the Montana Department of Corrections, and the State of Montana are dismissed with prejudice.

3. Mr. Myers's policy claim against Defendant Ferriter is dismissed with prejudice.

4. Mr. Myers's failure-to-train claims against Defendants Cascade County Commissioners, Ferriter, and Cascade County and his failure to institute a PREA policy against Cascade County are dismissed with leave to amend.

DATED this 1st day of October 2012.

Dana L. Christensen, District Judge
United States District Court