IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| GLEN MYERS,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE GRUBB, et al.,<br><br>Defendants. | Cause No. CV 12-00029-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br>*Nunc Pro Tunc* |

## I. SYNOPSIS

Defendant Wayne Bye moves for dismissal of the Complaint for failure to exhaust administrative remedies. C.D. 24. Plaintiff Glen Myers moves for a stay of proceedings or dismissal without prejudice. C.D. 27. Ninth Circuit case law requires that all claims must be dismissed without prejudice for failure to exhaust administrative remedies.

## II. JURISDICTION

Mr. Myers filed the Complaint in United States District Court for the District of Montana. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b).

1

The Complaint alleges violations of Mr. Myers' rights under the Eighth Amendment of the United States Constitution, invoking federal subject matter jurisdiction. 28 U.S.C. § 1331. The proceeding was referred to this Court under Local Rule 73 and 28 U.S.C. § 636(b)(1).

**III. STATUS**

Mr. Myers' Complaint names the following Defendants: Steve Grubb, a staff sergeant at the Cascade County Detention Center; Wayne Bye, Montana Department of Corrections Monitor at the Cascade County Detention Center; Harlen Trombly, case manager at the Cascade County Detention Center; Dan O'Fallon, acting Warden at Cascade County Detention Center; Cascade County; Cascade County Commissioners; Montana Department of Corrections; Mike Ferriter, Director of the Montana Department of Corrections; the Montana Attorney General; and the State of Montana. C.D. 2, p.4, C.D. 2-1, pp. 1-2.

Mr. Myers's claims against all Defendants except Grubb, Bye, O'Fallon and Trombly have already been dismissed by the District Court. C.D. 29. The remaining Defendants waived service of summons. C.D. 9, 10. Defendants Grubb, O'Fallon and Trombly filed an Answer to the Complaint. C.D. 26. Defendant Bye filed a 12(b) Motion to Dismiss the Complaint for failure to exhaust administrative remedies. C.D. 24. Mr. Myers responded to the Motion to

Dismiss, asking for a stay of proceedings or dismissal without prejudice, so he could attempt to satisfy the exhaustion requirement. C.D. 27. Mr. Bye filed a reply brief, urging the Court to dismiss with prejudice. C.D. 28.

**IV. STANDARDS**

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). The motion must be granted if the prisoner has in fact failed to exhaust administrative remedies. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A complaint must be dismissed if a prisoner concedes non-exhaustion and no exception to exhaustion applies. Id.

**V. FACTS**

Mr. Myers' allegations arose from incidents at the Cascade County Detention Center in November 2011. For purposes of this analysis, the following allegations are assumed:

While Mr. Myers was incarcerated at Cascade County Detention Center, fellow inmates threatened to beat and rape Mr. Myers if Mr. Myers did not give them his medications. Mr. Myers sent numerous written requests for help to several Defendants, but all were ignored. C.D. 2-2, pp. 1-2. On November 18, 2011, one of the inmates cornered Mr. Myers in his cell physically and sexually

3

assaulted him. C.D. 2-2, pp. 2-3. Mr. Myers was taken to the hospital on November 19, 2011 and transferred to the Montana State Prison approximately two weeks later. The inmate who attacked Mr. Myers was convicted of sexual assault and rape for the attack. Mr. Myers alleges the inmate had a history of sexually assaulting other young inmates prior to the November 18 assault. He contends the staff of the Montana Department of Corrections and the Cascade County representatives knew the inmate's history and still placed the inmate in the same cell block as Mr. Myers. C.D. 2-2, pp. 4-5.

## VI. ANALYSIS

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Mr. Myers acknowledges he did not exhaust the available administrative remedies. C.D. 27. Therefore dismissal is required for all Defendants. Wyatt, 315 F.3d at 120. The Ninth Circuit holds that when a prisoner has not exhausted nonjudicial remedies the court must dismiss the claim without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Mr. Myers has not exhausted

nonjudicial remedies. The Complaint must be dismissed.

It is **RECOMMENDED:**

Defendant Wayne Bye's Motion to Dismiss for Failure to Exhaust Administrative Remedies (C.D. 24) should be GRANTED as to all Defendants and this matter dismissed without prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Myers may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Myers files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Myers from relying on that fact or

argument at a later stage of the proceeding.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of November, 2012.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge