

**FILED**

JAN 29 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GLEN MYERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STEVE GRUBB, et al.,<br><br>　　　　Defendants. | CV 12-29-H-DLC<br><br>ORDER |

United States Magistrate Judge Keith Strong entered Findings and Recommendations in this matter on November 14, 2012, recommending that the Complaint be dismissed without prejudice for failure to exhaust all administrative remedies. Plaintiff Glen Myers filed objections and is entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). All other findings and recommendations are reviewed for clear error.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requirements are defined by prison regulations.

*Jones v. Bock*, 549 U.S. 199, 218 (2007). Here, Myers concedes that he has not exhausted the available administrative remedies. However, he suggests that because his claim concerns sexual assault, it is not subject to the same exhaustion requirements as other claims.

The Prison Rape Elimination Act ("PREA") does not impose a different administrative remedy scheme or supersede PLRA's requirement that a prisoner exhaust all available administrative remedies before filing suit. 42 U.S.C. § 15601, *et seq.*; *see also Porter v. Howard*, No. 10-CV-1817-JLS, 2012 WL 2836637 (S.D. Cal. July 10, 2012). Nor do Montana's prison regulations exempt sexual assault from the administrative remedies scheme. (*See* doc. 25-2.) Thus, because Myers did not exhaust the remedies available to him, the Court must dismiss his Complaint. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

Myers asks the Court to grant him an extension of time in which to exhaust the grievance process. However, only the Prison can grant an extension under the Inmate Grievance Program.

Myers' Complaint is dismissed without prejudice in case he is granted such an extension.

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations *Nunc Pro Tunc* (doc. 32) are ADOPTED in full.

IT IS FURTHER ORDERED that Defendant Wayne Bye's Motion to Dismiss for Failure to Exhaust Administrative Remedies (doc. 24) is GRANTED as to all Defendants. This matter is DISMISSED WITHOUT PREJUDICE.

Dated this 29th day of January 2013.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court